Filed 1/23/14  In re Victor R. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re VICTOR R., a Person Coming Under the Juvenile Court Law. | |
| | D064442 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | |
| Plaintiff and Respondent, | (Super. Ct. No. SJ012901) |
| v. | |
| ALINA V., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Garry G. Haehnle, Judge.  Reversed and remanded with directions.

Suzanne F. Evans, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas E. Montgomery, County Counsel, John E. Philips, Chief Deputy County Counsel, and Lisa M. Maldonado, Deputy County Counsel, for Plaintiff and Respondent.

Julie E. Braden, under appointment by the Court of Appeal, for Minor.

Alina V. appeals following the jurisdictional and dispositional hearing in the dependency case of her son, Victor R. Alina contends the juvenile court lacked subject matter jurisdiction pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) (Fam.Code, § 3400 et seq.). The San Diego County Health and Human Services Agency (the Agency) concedes the court erred in asserting UCCJEA jurisdiction and requests a limited remand for a hearing regarding subject matter jurisdiction and a determination whether Mexico wishes to assert jurisdiction. We conclude the court lacked UCCJEA jurisdiction; the jurisdictional findings and dispositional judgment must be reversed; and the case must be remanded for proceedings in conformity with UCCJEA.

Victor was born in San Diego County in 2005, but lived in Mexico with Alina and his father Francisco R. (the parents) and attended school there. On January 25, 2013, Alina brought Victor to San Diego County. In March, the Agency received a report the paternal grandfather had sexually abused Victor in Mexico. Alina showed the Agency letters on Mexican government letterhead ordering a medical exam and a services assessment for Victor. On April 16, a Mexican official confirmed there was an active case against the paternal grandfather for sexually abusing Victor and a plan for a child welfare check on Victor's siblings in Mexico. On April 17, the Agency filed a dependency petition for Victor alleging Francisco was incarcerated in Mexico and Alina was in jail in San Diego and they were unable to arrange for Victor's care. Victor was detained in a foster home. In May, he began receiving services in San Diego County.

In June, the Agency reported that Victor would be homeless without the court's involvement. No relatives in California or Mexico were available for placement.

On July 19, 2013, the court made a true finding on the petition and ordered Victor placed in foster care. As to UCCJEA, the court made the following findings. Victor had been in San Diego County since January; he went to school here and had ties here. He had no ties to Mexico, no custody orders had been made there and there were no placement possibilities there. The parents planned to live in the United States once they were released from custody. If the court were to find that Mexico was Victor's home state, he would be homeless and on the street.

UCCJEA "is the exclusive method for determining subject matter jurisdiction for custody proceedings in California, and its provisions apply to juvenile dependency proceedings. [Citations.] [As relevant here], a California court has jurisdiction in a dependency case if California was the child's home state when the proceeding commenced, with 'home state' defined as the state in which the child lived with a parent for at least six consecutive months immediately before the commencement of the proceeding. (Fam. Code, §§ 3402, subd. (g), 3421, subd. (a)(1), 3422.)" (*In re Claudia S.* (2005) 131 Cal.App.4th 236, 245-246.) Here, the record shows that Victor had lived in California with Alina for fewer than six months. We reverse and remand with directions for an inquiry and determination whether Mexico wishes to assert jurisdiction, with further proceedings as dictated by that determination.

The Agency requests that the record be augmented with postjudgment items: a Welfare and Institutions Code section 387 petition; detention, addendum and

3

jurisdictional and dispositional reports; and minute orders.  Alina opposes the motion, arguing, inter alia, the requested items are not relevant.  We agree and deny the motion.

DISPOSITION

The jurisdictional findings and dispositional judgment are reversed.  The case is remanded for proceedings in conformity with UCCJEA.  This court's order of January 15, 2014, staying the six-month review hearing, is vacated.

O'ROURKE, J.

WE CONCUR:

McCONNELL, P. J.

BENKE, J.

4